UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CURTIS T. VICKERS,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:25-cv-00472-RDP-NAD |
| **FCI TALLADEGA WARDEN,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On January 14, 2026, the Magistrate Judge entered a Report and Recommendation, recommending that this court dismiss this petition for habeas corpus relief without prejudice because the court lacks jurisdiction over Petitioner Curtis T. Vickers' claims. (Doc. # 14). The Magistrate Judge advised the parties of their right to file objections to the Report and Recommendation within fourteen days (Doc. # 14 at 8-9), and on February 2, 2026, the court received Petitioner's timely filed objections (Doc. # 15).

Petitioner objects to the Report and Recommendation on a multitude of redundant grounds. (Doc. # 15). In his first three objections, Petitioner asserts that the court lacks "judicial power over the custodian;" that he challenges "the existence of constitutional power to enter judgment;" and that the sentencing court was not "constitutionally competent." (Doc. # 15 at 1-2). Petitioner's remaining grounds are restatements of the foregoing, each challenging the Article III judicial power of either this court to adjudicate his claims or the sentencing court to impose judgment. (Doc. # 15 at 2-4).

These objections do not address the crux of the Report and Recommendation, namely that Petitioner challenges the validity of his conviction and not the execution of his sentence. (Doc. #

14 at 6). Petitioner's reframing of his challenge to whether the sentencing court had the constitutional authority to sentence him is still a challenge to the validity of his conviction and sentence.

Because Petitioner challenges the validity of his conviction, this court lacks jurisdiction to consider his claims in a § 2241 petition. *See McCarthen v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1086-87 (11th Cir. 2017); *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 993 (11th Cir. 2021) (holding that "a federal prisoner who seeks to collaterally attack his conviction or sentence must file a 28 U.S.C. § 2255 motion to vacate instead of a § 2241 habeas corpus petition.").

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, and Petitioner's objections, the court **OVERRULES** the objections, **ADOPTS** the Magistrate Judge's findings and **ACCEPTS** the recommendation. Accordingly this petition for writ of habeas corpus is due to be dismissed without prejudice for lack of jurisdiction.

A separate Final Judgment will be entered.

**DONE** and **ORDERED** this February 4, 2026.

_____
**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE